IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

IOLA P. WHIGHAM,                    )
                                    )
            Plaintiff,              )
                                    )
    v.                              )     CIVIL ACTION NO. 1:08cv575-CSC
                                    )
MICHAEL J. ASTRUE,                  )
Commissioner of Social Security,    )
                                    )
            Defendant.              )

**MEMORANDUM OPINION and ORDER**

The plaintiff, Iola Whigham ("Whigham"), applied for disability insurance benefits

pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., and supplemental

security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et

seq., alleging that she was unable to work because of a disability. Her application was

denied at the initial administrative level. The plaintiff then requested and received a hearing

before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied

the claim. The Appeals Council rejected a subsequent request for review. The ALJ's

decision consequently became the final decision of the Commissioner of Social Security

(Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is

now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3). Pursuant

to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L.
No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to
Social Security matters were transferred to the Commissioner of Social Security.

States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be reversed and this case remanded to the Commissioner for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction.**  Whigham was 60 years old at the time she applied for disability benefits, (R. 57), and 62 years old at the time of the first hearing before the ALJ.  (R. 585). She completed the tenth grade.  (R. 578).  Following the hearing, the ALJ concluded that

---

[3]  *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

Whigham has severe impairments of hepatitis B, diabetes mellitus, and status post breast cancer. (R. 15). He further determined that the plaintiff's hiatal hernia, acid reflux, and hypertension were not severe impairments because these conditions were controlled by medication and did not cause more than a minimal impact on Whigham's ability to work. (*Id*.). The ALJ concluded that because Whigham could return to her past relevant work as a clothes pricer or clothes hanger, she was not disabled. (R. 17).

**B. Plaintiff's Claims.** Whigham presents two issues for the Court's review. As stated by Whigham, they are as follows:

1. The Commissioner's decision should be reserved, because the ALJ committed reversible error when he implicitly determined that Ms. Whigham's degenerative disc disease of the lumbar spine resulted in a mere non-severe impairment.

2. The Commissioner's decision should be reversed, because the ALJ's RFC assessment lacks the support of substantial evidence.

(Pl's Br. at 3).

## IV. Discussion

The plaintiff raises several issues and arguments related to this court's ultimate inquiry of whether the Commissioner's disability decision is supported by the proper legal standards and substantial evidence. *See Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987). However, the court pretermits discussion of the plaintiff's second argument because the court concludes that the ALJ erred as a matter of law when he ignored evidence that the plaintiff suffers from degenerative disc disease.

4

The plaintiff argues that the ALJ erred when he "implicitly determined that Ms. Whigham's chronic back pain did not impact her ability to perform basic work activities." (Pl's Br. at 3) (footnote omitted).  More fundamentally, the court concludes that the ALJ erred at step two of the sequential analysis because he failed to properly consider whether the plaintiff's degenerative disc disease or its concurrent pain constitute severe impairments.  It follows, therefore, that his determination that the plaintiff is not disabled is not supported by substantial evidence.

Whigham filed for disability in May 2004 alleging that she was disabled due to breast cancer.  (R. 70).  Medical records demonstrate that on November 14, 2003, Whigham presented to the Southeast Alabama Medical Center complaining of sharp, moderate back pain.  (R. 307).  She was diagnosed with acute myofascial strain.  (R. 308).  She was discharged with a prescription for Toradol and a note for light duty for three days.  (R. 313). During a consultative examination on August 12, 2004, Whigham complained of severe arthritis in the hands and feet but did not complain about back pain.  (R. 328).

On November 15, 2004, Whigham presented to the Southeast Alabama Medical Center complaining that she fell and injured her knee.  (R. 366).  She was prescribed Motrin and Lortab and discharged.  (R. 379).

She returned to the Southeast Alabama Medical Center in January 2005 complaining of back and hip pain.  (R. 479-80).  An x-ray on January 5, 2005, revealed "mild grade I spondylolisthesis" at L4-5.  (R. 391, 480).  On January 29, 2005, Whigham presented to the

emergency room complaining of Sciatica pain and was prescribed Ultram.  (R. 470-78).  On February 17, 2005, Whigham requested more pain medication but was instead referred to the Southern Bone and Joint Clinic for evaluation.  On February 20, 2005, Whigham presented to the emergency room complaining of back and sciatica pain (R. 457-65).  She was prescribed Celebrex and Norflex for her back pain and Lorcet for her Sciatica pain.  She was also referred to the Southern Bone and Joint Clinic for evaluation.  (R. 458).

On March 8, 2005, Whigham presented at the emergency room complaining of back pain.  (R. 448-57).  She was prescribed Anaprox and Norflex for her back pain and Lorcet for her Sciatica pain.  (R. 449).

On March 11, 2005, Whigham presented to the Southern Bone and Joint Clinic ("Clinic") complaining of back pain.  (R. 390).  According to Whigham, she had been suffering from back pain since she fell in November 2003.  X-rays revealed degenerative sponsylolisthesis at L4-5.  (R. 390).  She was treated with an epidural injection.  (*Id*.).

On September 26, 2005, Whigham presented to the Clinic complaining of lower back pain and right leg pain.  (R. 395).

On January 20, 2006, Whigham presented to the emergency room complaining of chronic low back pain that radiated down her leg.  (R. 413-14).

On February 1, 2006,  Whigham presented to the Family Health Clinic in Dothan, Alabama, complaining of pain.  (R. 497).  She complained that her back pain was no better despite an epidural injection at the emergency room as well as prescriptions for Flexeril and

Ultram. (*Id*.).  Her back was tender to palpitation.  (R. 498).  She was prescribed Neurontin. (*Id*.).

On February 27, 2006, Whigham returned to the Clinic where she reported that while her back and leg pain were "much better," she still had back pain.  (R. 493).

On May 8, 2006, Whigham presented to the Family Health, complaining of back pain. (R. 490).  She was diagnosed with "chronic low back pain with radiculopathy" and prescribed Neurontin.  (R. 491).

On September 10, 2006, Whigham presented to the emergency room complaining of moderate to sharp back pain.  (R. 503-13). She received an epidural injection as well as prescriptions for Flexeril and Ultram.  (R. 513).

During the administrative hearing held on September 11, 2006, Whigham asserted that she was disabled due to "[d]iabetes, hypertension, obesity, **chronic back pain, which x-rays will reveal she has degenerative spondylolisthesis at L4-5,** degenerative joint disease in the hands and legs, and the residuals of a mastectomy."   (R. 577) (emphasis added). Whigham testified that she could not work because of her back.  (R. 580).  She testified that she can't sit for very long because her back starts to ache and she can't stand or walk.  (R. 584).

> Q:    Ms. Whigham, going back to your back pain, is this something that's been affecting you for awhile.  Is that right?
> A:    Yes.
> Q:    Do you experience pain in your back on a daily basis?
> A:    Yes.
> Q:    Does your back pain ever radiating to any other parts of your body?

A:      Yes.  My right leg.  Mess with my nerve.

Q:      Do you ever feel like your back goes out on you?

A:      Yes, sir.

\*     \*     \*

Q:      And your back pain has required you to go to the emergency room multiple times?

A:      Yes, it do.

Q:      Most recently, you had to go yesterday?

A:      Yes, I did.

Q:      Why did you have to go yesterday?

A:      Because I was hurting about my pain, about seven or eight, you know.

Q:      Ms. Whigham, have you ever been administered epidural injections to alleviate your pain?

A:      Yes, I have.

(R. 585-87).

Despite this testimony and the numerous references in the record to back pain and degenerative disc disease, the ALJ simply ignored evidence that Whigham suffers from degenerative disc disease and chronic back pain.

In this circuit, the law is clear.  The Commissioner must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition, and either (1) objective medical evidence to confirm the severity of the alleged pain arising from that condition, or (2) that the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain.  *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986).  If the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Commissioner has, as a matter of law, accepted the testimony as true.

8

This rule of law is well-established in this circuit.  *See Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991); *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991)*; Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987); *MacGregor v. Bowen*, 786 F.2d 1050 (11th Cir. 1986).

Prior to reciting the law and describing the medical evidence, the ALJ acknowledged that Whigham has impairments that would reasonably be expected to produce the type of pain about which she complains but the ALJ then concluded that Whigham's testimony was "not entirely credible."  (R. 16).  In discrediting Whigham's testimony, the ALJ said the following:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible.

(R. 21).

Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate *reasons* for doing so, or the record must be obvious as to the credibility finding.  *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dept. of Health & Human Servs.*, 941 D.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'"  *Foote*, 67 F.3d at 1562, *quoting Tieniber v. Heckler*, 720 F.2d 1251,

1255 (11th Cir 1983) (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).

In this case, the ALJ wholly failed to articulate any reason for discounting the plaintiff's credibility and her pain testimony. Rote recitation of the medical evidence is not a substitute for articulating clear reasons for discrediting the plaintiff. The ALJ's listing of the plaintiff's medication regimen of Neurontin is not a reason to discredit her; it is a fact that supports her condition. And it is not at all obvious to the court that the fact that Whigham takes Neurontin for back pain and radiculopathy is at all sufficient to discredit her testimony about the severity of her pain. The facts recited by the ALJ might support reasons, but the ALJ did not articulate those reasons. The ALJ's conclusory credibility analysis is simply deficient as a matter of law. The court notes that this is not the first time that it has seen this type of conclusory credibility analysis and is, quite frankly, disturbed by the frequency by which this flawed analysis continues to appear.

Compounding the problem is the Commissioner's argument that any error by the ALJ at step two of the sequential analysis is "surely harmless." (Mem. in Supp. of Comm'r Dec., at 10). The Commissioner is painfully and patently wrong. In this circuit, "[p]ain is clearly a non-exertional impairment that limits the range of jobs the claimant can perform." *Foote,* 67 F.3d at 1559; *Walker*, 826 F.2d at 1003 ("Pain is a nonexertional impairment."). *See also Phillips v. Barnhart*, 357 F.3d 1232, 1242 fn 11 (11th Cir. 2004) ("Nonexertional limitations or restrictions affect an individual's ability to meet the other demands of jobs and include .

10

. . pain limitations. . .")  Furthermore, in this circuit, pain itself can be disabling.  *See Foote*,
67 F.3d at 1561; *Marbury v. Sullivan*, 957 F. 2d 837, 839 (11th Cir. 1992).

Although the ALJ mentions Whigham's degenerative disc disease, he makes no
findings regarding this condition or her pain in his disability determination.  Consequently,
he makes no findings about whether the degenerative disc disease or her pain constitute
severe impairments.  The severity step is a threshold inquiry which allows only "claims based
on the most trivial impairment to be rejected."  *McDaniel*, 800 F.2d at 1031.  Indeed, a severe
impairment is one that is more than "a slight abnormality or combination of slight
abnormalities which would have no more than a minimal effect on an individual's ability to
work."  *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987) (citing with approval Social
Security Ruling 85-28 at 37a).

A physical or mental impairment is defined as "an impairment that results from
anatomical, physiological or psychological abnormalities which are demonstrable by
medically acceptable clinical and laboratory diagnostic techniques."   42 U.S.C.  §
1382c(a)(3)(c).  The plaintiff has the "burden of showing that [her] impairments are 'severe'
within the meaning of the Act."  *McDaniel*, 800 F.2d at 1030-31.  Once the plaintiff
establishes that she suffers from a severe impairment, the ALJ is not entitled to ignore that
evidence.

Furthermore, because the ALJ simply ignored evidence that Whigham suffers from
degenerative disc disease and pain, he could not have properly consider the effects of these

impairments on Whigham's ability to work. Consequently, the court is unable to determine whether the ALJ's conclusion that Whigham is not disabled is supported by substantial evidence.  In fact, that conclusion is contrary to the evidence.  It is plain that the plaintiff suffers from both a physical impairment as well as the non-exertional impairment of pain. What is not plain is the effect of those impairments.  "'Even a "mild" . . . impairment may "prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies.'"  *Allen v. Sullivan*, 880 F.2d 1200, at 1202 (11th Cir. 1989).

For these reasons, the court concludes that the Commissioner erred as a matter of law, and that the case should be remanded for further proceedings  regarding the severity of the plaintiff's degenerative disc disease and her concurrent pain, and their effect on her ability to work. The ALJ must consider every impairment alleged by the plaintiff and determine whether the alleged impairments are sufficiently severe – either singly or in combination – to create a disability. *See Gibson v. Heckler,* 779 F.2d 619, 623 (11th Cir. 1986).  All of the plaintiff's impairments must be considered in combination even when the impairments considered separately are not severe.  *Hudson v. Heckler,* 755 F.2d 781, 785 (11th Cir. 1985).

In light of the ALJ's failure to fully and fairly consider the evidence in the record of the plaintiff's degenerative disc disease and her concurrent pain, and the ALJ's failure to conduct a proper credibility analysis, the court concludes that the ALJ failed to meet his burden in this regard.  As a result of his failure to consider the plaintiff's impairments in

combination, doubt is necessarily cast upon the ALJ's conclusion that the plaintiff is not disabled.

## V. Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

Done this 13th day of October, 2009.

_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE